# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 3:19-cv-156-MOC-DSC

| | |
|---|---|
| CAROLYN ALFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| MECKLENBURG COUNTY CLERK ) | |
| OF SUPERIOR COURT, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss, (Doc. No. 9), by Defendants Mecklenburg County Clerk of Superior Court, Martha Curran, and Patricia Koch (hereinafter the "State Judicial Defendants"); on a Motion to Dismiss for Failure to State a Claim, (Doc. No. 14), by Defendants Tamara R. Cornish, Cornish Law, PLLC, Elizabeth B. Ells, Grady I. Ingle, and Shapiro & Ingle; and on a Motion to Dismiss, (Doc. No. 17), by R. Michael Allen and Cranford, Buckley, Schultze, Tomchin, Allen & Buie, P.A.

### I. BACKGROUND

Pro se Plaintiff filed this action on March 29, 2019, bringing claims arising from the administration of Plaintiff's mother's estate in probate court and a foreclosure proceeding associated with the same estate before the Mecklenburg County Clerk of Superior Court. Plaintiff purports to bring the following, eight claims against Defendants: (1) a cause of action pursuant to 42 U.S.C. § 1983 for an alleged violation of her rights to due process and equal protection under the Fourteenth Amendment; (2) a claim for conspiracy to interfere with her civil

1

rights under 42 U.S.C. § 1985; (3) a claim for allegedly violating their fiduciary duties owed to the plaintiff of trust, loyalty, and honesty; (4) a claim alleging a conflict of interest with another heir to Plaintiff's mother's estate; (5) a claim for allegedly violating their oaths of office; (6) a claim alleging fraud pursuant to 18 U.S.C. § 1341 and violations of other sections of Title 18 of the United States Code; (7) a claim alleging a violation of Chapter 163A of the North Carolina General Statutes, known as the State Government Ethics Act; and (8) a claim alleging racial discrimination. Plaintiff seeks damages and for the Court to reinstate her as the personal representative of the estate of her mother, Mildred Belk. Plaintiff has named the following persons and entities as Defendants: (1) Mecklenburg County Clerk of Superior Court; (2) Martha Curran, Clerk of Mecklenburg County Superior Court at all relevant times; (3) Patricia Koch, Assistant Clerk of Mecklenburg County Superior Court at all relevant times; (4) the law firm of Cranford, Buckley, Schultze, Tomchin, Allen & Buie, PA; (5) attorney R. Michael Allen; (6) the law firm of Cornish Law, PLLC; (7) attorney Tamara R. Cornish; (8) the law firm of Shapiro & Ingle; (9) attorney Grady I. Ingle; and (10) attorney Elizabeth B. Ells.

  Plaintiff's claims all arise from actions Defendants allegedly took during the administration of the probate of Plaintiff's mother's estate and an associated foreclosure proceeding. According to the Complaint, Plaintiff's mother died intestate in 2013 and Plaintiff and three other individuals were the estate's heirs. (Doc. No. 1 at ¶¶ 17-18). On April 24, 2013, Plaintiff was appointed as the personal representative of her mother's estate. (Id. at ¶¶ 18, 20). Defendant Martha Curran was the elected Clerk of Superior Court for Mecklenburg County at all relevant times. (Id. at ¶ 8). Plaintiff alleges that Defendant Curran met with another heir, Lorenzo Belk, to "deprive in whole or in part Plaintiff of property without due process of law," (id. at ¶ 19), and that she instructed Defendant Koch to usurp Plaintiff's authority as the estate's

personal representative, (id. at ¶ 20). Defendant Patricia Koch was an Assistant Clerk in the Estates Division at the Office of the Clerk of Superior Court in Mecklenburg County at all relevant times. (Id. at ¶ 9).

Plaintiff asserts that Defendant Koch discovered a deed to real property that Plaintiff owned on Cove Creek Drive was behind on mortgage payments. (Id. at ¶ 22). Plaintiff alleges that Defendant Koch instructed Lorenzo to stop paying rent to Plaintiff on the Cove Creek property, thereby compelling Plaintiff "to use estate money to survive" the loss of income. (Id. at ¶ 23). Plaintiff asserts that Defendant Koch then caused a foreclosure proceeding to be commenced on the Cove Creek property. (Id. at ¶ 24). The foreclosure proceeding on this real property began on or around January 22, 2014. (Id. at ¶ 25). A hearing for the foreclosure of the Cove Creek property was scheduled for April 2, 2014, before the Clerk of Superior Court for Mecklenburg County. (Id. at ¶ 27). The April 2, 2014, foreclosure hearing was rescheduled for May 6, 2014. (Id. at ¶ 30). A foreclosure hearing was held on May 6, 2014. (Id. at ¶ 37). The Cove Creek property was sold pursuant to a foreclosure sale for $40,000. (Id. at ¶ 40).

Plaintiff also asserts that on February 19, 2014, Defendant Mike Allen, a private attorney representing Lorenzo, sent Plaintiff a letter demanding that she resign as the administrator of her mother's estate at the direction of Defendant Curran. Defendant Allen also demanded in the letter that Plaintiff return real properties to her mother's estate. (Id. at ¶ 28). Defendant Koch allegedly placed Defendant Allen's letter in the file for Plaintiff's mother's estate. (Id. at ¶ 32). Plaintiff alleges that she then transferred real properties to her mother's estate without compensation under duress. (Id. at ¶ 29).

Plaintiff asserts that Defendant Koch and Lorenzo coordinated to prevent Plaintiff from closing her mother's estate. (Id. at ¶¶ 33-35). Defendant Koch also placed a note in the estate

3

file instructing all clerks to not extend the time to file a final accounting for the estate and to order Plaintiff to immediately file an accounting if the final accounting was not filed by its due date. (Id. at ¶ 33; Doc. No. 1-1 at 2-3). The Clerk's office denied the final accounting that Plaintiff submitted for her mother's estate because of distribution of assets to the estate. (Id. at ¶ 38). The Clerk's office issued an "Order to File" the final accounting by June 5, 2014. (Id.).

Plaintiff asserts that Defendant Koch issued to her an "Order To Appear and To Show Cause" for July 10, 2014, where Defendant Koch intended to remove Plaintiff as the administrator of her mother's estate. (Id. at ¶ 42). A hearing on the order to show cause was held on July 10, 2014, before Defendant Koch. (Id. at ¶ 45). At the hearing on July 10, 2014, Defendant Koch allegedly told Plaintiff that the order was sent in error, that she was going to close the estate file, and that she was not going to remove Plaintiff as the estate's administrator. (Id. at ¶¶ 45-46).

On March 18, 2016, the Mecklenburg Clerk of Superior Court issued to Plaintiff an "Order To Appear and To Show Cause" for June 28, 2016. (Id. at ¶ 47). Plaintiff appeared on June 28, 2016. (Id. at ¶ 48). On June 29, 2016, Plaintiff received from the Mecklenburg Clerk of Superior Court an Order to Close Estate where Plaintiff was disqualified and removed as the administrator of her mother's estate. (Id. at ¶ 49).

Plaintiff filed this action on March 29, 2019. On April 26, 2019, Defendants Mecklenburg County Superior Court, Martha Curran, and Patricia Koch filed a motion to dismiss. (Doc. No. 9). On May 20, 2019, Defendants Tamara R. Cornish, Cornish Law, PLLC, Elizabeth B. Ells, Grady I. Ingle, and Shapiro & Ingle filed their own motion to dismiss. (Doc. No. 14). On June 4, 2019, Defendants R. Michael Allen and Cranford, Buckley, Schultze, Tomchin, Allen & Buie, P.A. filed their own motion to dismiss. (Doc. No. 17). This Court has

entered orders in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the motions to dismiss, (Doc. Nos. 11, 16, 20), and Plaintiff has filed responses. (Doc. Nos. 13, 19, 21). Thus, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The moving Defendants assert that this action should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction, under 12(b)(2) for lack of personal jurisdiction, and under 12(b)(6) for failure to state a claim upon which relief can be granted. Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint

5

will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the Plaintiff. Priority Auto Grp., Inc. v. Ford Motor Credit Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

## III. DISCUSSION

### A. Plaintiff's Section 1983 and Section 1985 Claims against the State Judicial Defendants in their Official Capacities

First, Defendants Mecklenburg County Clerk of Superior Court, Martha Curran, and Patricia Koch (hereinafter the "State Judicial Defendants") contend that, to the extent Plaintiff has sued them in their official capacities, they enjoy Eleventh Amendment immunity from suit. The Court agrees. A suit against a state official in his official capacity is construed as against the state itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). It is well settled that neither a state nor its officials acting in their official capacities are "persons" subject to suit under 42 U.S.C. § 1983. Id.; see Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 n.55 (1978).

Moreover, the Eleventh Amendment generally bars lawsuits by citizens against non-consenting states brought either in state or federal courts. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54 (1996). Although Congress may abrogate the states' sovereign immunity, it has not chosen to do so for claims under 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 343 (1979). North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for claims brought under 42 U.S.C. § 1983. See generally Mary's House, Inc. v. North Carolina, 976 F. Supp. 2d 691, 697 (M.D.N.C. 2013) (claim under 42 U.S.C. § 1983 barred by sovereign immunity of North Carolina which had not been waived).

Next, as to Plaintiff's Section 1985 claim against the State Judicial Defendants, in a claim brought pursuant to 42 U.S.C. § 1985 against a state official in their official capacity, the word "person" is analyzed the same as in a claim brought pursuant to 42 U.S.C. § 1983. See Proffitt v. United States, 758 F. Supp. 342, 345 (E.D. Va. 1990). Thus, to the extent that Plaintiff brings her 42 U.S.C. §§ 1983 and 1985 claims against the State Judicial Defendants in their official capacities, Defendants are not subject to suit under either of these statutes.

**B.     Plaintiff's Section 1983 and Section 1985 Claims against Defendants in their Individual Capacities**

Next, as to Plaintiff's federal constitutional claims against Defendants in their individual capacities, brought under Section 1983, Section 1983 has two essential elements: a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011). First, as to the attorney Defendants, it is well established that an attorney, whether retained, court-appointed, or a public

7

defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). The same is true of actions brought under Section 1985.[1] Thus, Plaintiff's Section 1983 and Section 1985 claims must be dismissed as to the individual attorney defendants (Tamara Cornish, Elizabeth Ells, Grady Ingle, and R. Michael Allen) and the Defendant law firms (Cornish Law, PLLC, Shapiro & Ingle, and Cranford, Buckley, Schultze, Tomchin, Allen & Buie, P.A.) because these Defendants may not be sued under either under statute.

Next, as to Defendants Curran and Koch, as the Clerk of Superior Court and an Assistant Clerk of Superior Court, respectively, these Defendants are state judicial officials of the Superior Court Division of North Carolina's General Court of Justice. The Clerk of Superior Court is the ex officio judge of probate and has original, exclusive jurisdiction for probate and administration of decedent's estates. N.C. GEN. STAT. §§ 7A-240, -241. When the clerk exercises probate jurisdiction, the clerk acts as a judicial officer of the superior court. Id. The Clerk of Superior Court also has original, exclusive jurisdiction over special proceedings, including foreclosure under power of sale proceedings, N.C. GEN. STAT. §§ 7A-40, 45-21.16(d).

Plaintiff's claims against Defendants Curran and Koch arise from probate and foreclosure under power of sale proceedings before them in Mecklenburg County. Plaintiff specifically complains that Defendants Curran and Koch made decisions in the probate proceedings to deny an accounting that she submitted and to issue an Order To Appeal and To Show Cause against

---

[1] In any event, Plaintiff has not alleged a cognizable claim for a conspiracy to violate her civil rights under Section 1985.

her. Judicial immunity provides judges immunity from suit. Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). This immunity applies to clerks and other court personal "that are basic and integral . . . [to] judicial function." Jackson v. Houck, 181 Fed. App'x 372, 373 (4th Cir. 2006). Because Defendants Curran and Koch were acting in a judicial capacity, they enjoy immunity from suit. Likewise, to the extent Plaintiff is complaining about an Order entered by Defendant Koch permitting the foreclosure of the Cove Creek property under power of sale to proceed, Defendant Koch is also entitled to judicial immunity for that action as well.

### C. Plaintiff's Purported Claims under Various Sections of Title 18 of the United States Code

Next, Plaintiff purports to bring claims against Defendants under various sections of Title 18 of the United States Code, including 18 U.S.C. § 1028(a), 18 U.S.C. § 1001, and 18 U.S.C. § 1341. These are all federal criminal statutes for which there is no private cause of action. Thus, Plaintiff's claims under Title 18 of the United States Code are dismissed as to all Defendants.

### D. Plaintiff's Claim of "Racial Discrimination" under "Title 42 Chapter 21 of the U.S. Code"

Next, to the extent Plaintiff purports to bring a separate claim of "racial discrimination" under "Title 42 Chapter 21 of the U.S. Code," Plaintiff does not state a cognizable claim against

any of the Defendants and this claim is therefore dismissed as to all Defendants.

### E. Rooker-Feldman Bar and the Probate Exception

Next, even if this action were not subject to dismissal for the reasons stated above, Plaintiff is still barred under the so-called Rooker-Feldman doctrine and the federal probate exception.[2] Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege that the state court's action was unconstitutional. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). The doctrine also bars actions that are "inextricably linked" with the state court decision. Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004). Plaintiff has filed this action asking this Court to review state probate proceedings related to Plaintiff's mother's estate. Specifically, Plaintiff asks this Court to reinstate her as the personal representative or administrator of her mother's estate. Because Plaintiff is attempting to seek review by this federal court of a state court action that has already been adjudicated, this action is barred by the Rooker-Feldman doctrine. See Hargrove v. Steiner, No. 5:04cv304-FL(1), 2004 WL 3317654, at *6 (E.D.N.C. Dec. 23, 2004). This action must, therefore, be dismissed as barred by Rooker-Feldman.

The Court notes, additionally, that the Supreme Court has recognized a "probate exception" to the exercise of federal subject matter jurisdiction. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a

---

[2] As Defendants note, Plaintiff has in fact already filed an almost identical lawsuit in this Court, and this Court dismissed that suit as barred by Rooker-Feldman. See Alford v. Mecklenburg Cnty. Clerk of Superior Court, 3:16cv698-GCM, Doc. No. 3 (W.D.N.C. Oct. 17, 2016). Defendants further argue that some of Plaintiff's claims are barred by the applicable statutes of limitations. Because the action is subject to dismissal as to all Defendants on various other grounds, the Court does not address this alternative argument.

decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). As Plaintiff's claims challenge the administration of her mother's estate, the Court concludes that the "probate exception" also justifies the Court declining to exercising jurisdiction in this matter. Accord Harper v. Greenidge, No. 1:18cv283, 2019 WL 281314, at *3 (W.D.N.C. Jan. 22, 2019).

### F. Plaintiff's State Law Claims

Finally, to the extent that Plaintiff purports to bring any supplemental state law claims, such as breach of fiduciary duty, this Court declines to address those supplemental claims. See 28 U.S.C. § 1367(c). Likewise, to the extent that Plaintiff purports to bring independent claims for "violation of oath of office" and "conflict of interest," these are not cognizable, independent claims under either state or federal law.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed as to all Defendants.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motions to Dismiss, (Doc. Nos. 9, 14, 17), are all **GRANTED**, and Plaintiff's action is dismissed as to all Defendants.

(2) The Clerk is directed to terminate this action.

Signed: July 2, 2019

Max O. Cogburn Jr
United States District Judge